IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PATRICIA E. VANKIRK,**

    **Plaintiff,**

    **vs.**                                                                                                                     **Civil Action No. 2:04 CV 33**
                                                                                                                                   **(Maxwell)**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## ORDER

By Order entered October 5, 2004 (Docket No. 11), the Court referred the cross-motions for summary judgment filed in the above-styled Social Security action to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72 of the Federal Rules of Civil Procedure; and Rule 7.02(c) of the Local Rules of Civil Procedure, with directions to consider the same and to submit to the Court proposed findings of fact and a recommendation for disposition.

On September 1, 2005, Magistrate Judge Kaull filed his Report And Recommendation/Opinion (Docket No. 12) wherein the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation/Opinion.

Magistrate Judge Kaull's Report And Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Kaull's September 1, 2005, Report And Recommendation/Opinion have been filed.

Upon consideration of said Report and Recommendation/Opinion, and having received no written objections thereto[1], the Court accepts and approves the Report And Recommendation/Opinion.  Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation/Opinion (Docket No. 12) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge.  Accordingly,

1. The Plaintiff's Motion For Summary Judgment (Docket No. 8) is **GRANTED IN PART;**

2. The Defendant's Motion For Summary Judgment (Docket No. 9) is **DENIED;**

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented.  See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

3. The Plaintiff's claim is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent and in accord with the Magistrate Judge's Recommendation;

4. The Plaintiff's Motion For Remand For Consideration Of New And Material Evidence (Docket No. 8) is **DENIED** as **MOOT**; and

5. The above-styled civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter a separate Judgment Order reversing the decision of the Defendant and remanding the Plaintiff's claim for a rehearing.

In accordance with Shalala v. Schaefer, 113 S.Ct. 2625 (1993), counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the Judgment Order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**ENTER:** September  28 , 2005

　　　　　　　　　　　　　　　　　　　　　**/S/ Robert E. Maxwell**
　　　　　　　　　　　　　　　　　　　　　United States District Judge